IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 18-346 |
| | : | |
| ROGER DAY | : | |

<u>**MEMORANDUM**</u>

**Judge Juan R. Sánchez**                                                                                              **August 6, 2025**

Roger Day seeks a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendments 821 and 822 to the United States Sentencing Guidelines. Because Day does not meet the requirements for relief under either Amendment, his motion must be denied.

**BACKGROUND**

In August 2018, Day was indicted on four counts of bank robbery in violation of 18 U.S.C. § 2113(a). On January 9, 2019, he entered an open plea to all four counts. In anticipation of sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSR), which calculated Day's sentencing range under the advisory Sentencing Guidelines.

When Day committed the offenses in this case, he had two previous federal convictions for bank robbery in violation of 18 U.S.C. § 2113(a). PSR ¶¶ 86-87. Based on these two prior convictions, the PSR classified Day as a career offender under U.S.S.G. § 4B1.1(a). *Id.* ¶ 60 & n.1. The PSR assigned Day an offense level of 32 under the career offender guideline and a total offense level of 29, which included a three-level reduction for Day's timely acceptance of responsibility. *Id.* ¶¶ 60, 63. Day was also assessed a total of 12 criminal history points, including two "status points" pursuant to U.S.S.G. § 4A1.1(d) for having been on probation when he committed the offenses in this case. *Id.* ¶ 91. Although Day's 12 criminal history points would have placed him in criminal history category V, which includes all offenders with 10 to 12 criminal history points,

*id.* ¶ 92, as a career offender, Day was subject to a mandatory criminal history category of VI, *id.* ¶ 93. With an offense level of 29 and a criminal history category of VI, Day's guideline range was 151 to 188 months. *Id.* ¶ 148. At sentencing, this Court adopted the guideline calculation from the PSR and sentenced Day to 188 months on each of the four counts, to run concurrently. Judgment 2, ECF No. 22.

Day now seeks a sentence reduction motion based on 18 U.S.C. § 3582(c)(2) and Amendments 821 and 822. The Government opposes the motion.

**DISCUSSION**

Section 3582(c)(2) permits a court to reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." A court may grant a sentence reduction under § 3582(c)(2) only (1) if "a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (2) "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 826 (2010).

The applicable policy statement is set forth in U.S.S.G. § 1B1.10, which "contains its own, more specific requirements for a sentencing reduction." *United States v. Rodriguez*, 855 F.3d 526, 529 (3d Cir. 2017). Under that provision, the amendment in question must be one the Sentencing Commission has made retroactive, and the amendment must "have the effect of lowering the defendant's applicable guideline range." *Id.* (quoting U.S.S.G. § 1B1.10(a)(2)(B)). To determine whether an amendment has the required effect, the court must "begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (quoting

U.S.S.G. § 1B1.10(b)(1)). In making this determination, the court may "substitute only the [relevant amendment] for the corresponding guideline provisions that were applied when the defendant was sentenced," leaving "all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). If the amendment has the effect of lowering the defendant's applicable guideline range, then the court must consider any applicable § 3553(a) factors and determine whether, in its discretion, to grant a sentence reduction. *Dillon*, 560 U.S. at 827.

Day seeks a sentence reduction based on Amendments 821 and 822. As relevant here, Amendment 821 made changes designed to limit the impact of "status points"—points added if the defendant committed the offense of conviction while under another sentence—on a defendant's criminal history score. Part A of the Amendment eliminated status points for defendants with six or fewer criminal history points and reduced the number of status points that may be assigned for defendants with seven or more criminal history points from two to one.[1] *See* U.S.S.G. Supp. App. C, Amend. 821. Although these changes apply retroactively, *see* U.S.S.G. § 1B1.10(d); U.S.S.G. Supp. App. C, Amend. 825, they do not have the effect of reducing Day's guideline range. Applying Amendment 821, Day would receive only one status point, reducing his criminal history score from 12 to 11. As a career offender, however, Day would remain in criminal history category VI, as required under the career offender guideline.[2] *See* U.S.S.G. § 4B1.1(b) ("A career offender's

---

[1] Part B, Subpart 1 of the Amendment created a new guideline provision—U.S.S.G. § 4C1.1—which provides for a two-level decrease in offense level for defendants who did not receive any criminal history points (so-called "zero-point offenders") and whose offense of conviction did not involve certain specified aggravating factors listed in the guideline. *See* U.S.S.G. Supp. App. C, Amend. 821. This provision is plainly inapplicable here, as Day received criminal history points for several prior convictions.

[2] Indeed, even if Day were not a career offender, Amendment 821 would not change his criminal history category as criminal history category V includes offenders with 10 to 12 criminal history points.

criminal history in every case under this subsection shall be Category VI."). As a result, Day is not eligible for a sentence reduction based on Amendment 821. *See United States v. Jarmon*, No. 24-2681, 2025 WL 40854, at *1 (3d Cir. Jan. 7, 2025) (holding a defendant whose "criminal-history category of VI was based not on status points, but rather on his designation as a career offender" was not eligible for a sentence reduction under § 3582(c)(2) and Amendment 821).

Amendment 822 made changes to U.S.S.G. § 4B1.2, the guideline provision that defines various terms used in the career offender guideline, U.S.S.G. § 4B1.1. Under § 4B1.1, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Amendment 822 moved from the commentary to the text of § 4B1.2 a provision specifying that the terms "crime of violence" and "controlled substance offense" include the inchoate crimes of aiding and abetting, attempt, and conspiracy. *See* U.S.S.G. Supp. App. C, Amend. 822. The Amendment also added a definition of "robbery," one of the enumerated offenses that qualifies as a crime of violence under § 4B1.1(a)(2). *Id.* The definition mirrors the definition of robbery in the Hobbs Act, 18 U.S.C. § 1951(b), and clarifies that "'actual or threatened force' for purposes of the new 'robbery' definition is 'force sufficient to overcome a victim's resistance.'" *Id.* Unlike Amendment 821, Amendment 822 has not been made retroactive by the Sentencing Commission. *See* U.S.S.G. § 1B1.10(d).

Day argues he is no longer a career offender under Amendment 822.[3] *See* ECF No. 25 at 7-8. Specifically, Day argues his bank robbery convictions do not constitute "crimes of violence" because he did not use firearms or make physical contact with the victims and thus did not use "actual or threatened force," which the Amendment defines as "force that is sufficient to overcome a victim's resistance." *See id.* at 8. This argument fails for two reasons. First, as noted, Amendment 822 does not apply retroactively and therefore cannot be the basis for a sentence reduction under § 3582(c)(2). *See Rodriguez*, 855 F.3d at 529 (noting that to be eligible for a sentence reduction under § 3582(c)(2) and U.S.S.G. § 1B1.10, "the amendment to the Sentencing Guidelines must be retroactive"). Second, even if Amendment 822 were retroactive, it does not affect Day's career offender status. Regardless of whether federal bank robbery meets the definition of robbery in the Amendment, the offense qualifies a crime of violence under U.S.S.G. § 4B1.2(a)(1) because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." *See United States v. Vines*, 134 F.4th 730, 735-39 (3d Cir. 2025); *United States v. Wilson*, 880 F.3d 80, 84-88 (3d Cir. 2018). Amendment 822 thus does not provide a basis for a sentence reduction.

Lastly, Day invokes a proposed amendment to the Sentencing Guidelines that would have excluded juvenile sentences from a defendant's criminal history calculation—and, by Day's

---

[3] Day also argues he was improperly classified as a career offender at the time of his original sentencing and plea, citing the federal "three strikes" law, 18 U.S.C. § 3559(c). *See* ECF No. 25 at 7-8. This argument is beyond the scope of a sentence reduction motion under § 3582(c)(2). *See United States v. Hamilton*, No. 22-11598, 2022 WL 16845149, at *4 (11th Cir. Nov. 10, 2022) (holding a defendant's challenge to the validity of his career offender designation under current law was "outside the limited scope of a § 3582(c)(2) proceeding"). Moreover, § 3559 is inapplicable, as Day was not sentenced under that statute in any event. *See* 18 U.S.C. § 3559(c)(1) (providing for a mandatory life sentence for persons convicted of a "serious violent felony" who have either two or more prior convictions for a "serious violent felony" or prior convictions for one or more "serious violent felonies" and one or more "serious drug offenses").

5

account, would have reduced the number of criminal history points assessed for adult sentences exceeding thirteen months from three to two. *See* ECF No. 25 at 5. While an amendment excluding juvenile sentences was under consideration in 2024, the amendment was not adopted, and Day did not receive criminal history points for any juvenile adjudications in any event. The Sentencing Guidelines also have not been amended to reduce the criminal history points assigned for adult sentences. And, as a career offender, Day's criminal history category is VI under the career offender guideline. This argument also provides no basis for relief.

Because Day is ineligible for a sentence reduction under either Amendment 821 or 822, his motion will be denied. An appropriate order follows.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.